UNITED STATES of America,
Plaintiff—Appellee,

v.

Deborah CUMMINGS, aka Deborah
Davila, Defendant—Appellant.

No. 05-30491.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Filed Aug. 14, 2007.

Earl Allan Hicks, Esq., Stephanie Whit-aker, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Richard D. Wall, Esq., Spokane, WA, for Defendant–Appellant.

Before: CANBY, HALL, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Deborah Cummings appeals her jury conviction of, and sentence for, making a

* This disposition is not appropriate for publica- tion and is not precedent except as provided

materially false statement in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

## I. Sufficiency of the evidence

■ We reject Cummings's argument that there was insufficient evidence to support her conviction. In order to obtain a conviction against Cummings, the government was required to prove (1) that she made a statement; (2) the statement was false; (3) it was made with specific intent; (4) the statement was material; and (5) it related to a matter within agency jurisdiction. *See United States v. Jiang,* 476 F.3d 1026, 1029 (9th Cir.2007). The jury was presented with evidence that Cummings told an FBI Agent that she did not know Kirk Lyons, the man to whom she purportedly mailed classified documents, when in fact Cummings had attended his wedding and vacationed with him and his family. Contrary to Cummings's assertion, this statement was material, because the government's attempts to locate the documents would very likely have taken a different course had the government been aware of Cummings's and Lyons's longstanding acquaintance. *See United States v. Vaughn,* 797 F.2d 1485, 1490 (9th Cir. 1986) (statement is material if it "has the propensity to influence" the agency action). The truthfulness of the statement was material in the context of the agency's entire investigation, because the veracity of all of Cummings's allegations was a chief concern of the government's. *See Jiang,* 476 F.3d at 1029 (when determining sufficiency of evidence to support conviction under 18 U.S.C. § 1001, reviewing court must appreciate the context in which the statement was offered). We therefore conclude that a rational trier of fact could have found, beyond a reasonable doubt, that Cummings made a materially false statement in violation of 18 U.S.C. § 1001. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (describing standard for reviewing challenges to sufficiency of the evidence).

## II. Ineffective assistance of counsel

■ The record does not permit us to review Cummings's ineffective assistance of counsel claim on direct appeal, because there is no evidence regarding her decision not to testify or her agreement with counsel on trial strategy. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000) (ineffective assistance claims are inappropriate on direct appeal unless record is sufficiently developed to permit review or representation is so inadequate that it obviously denies a defendant his right to counsel).

## III. Reasonableness of sentence

■ Finally, we conclude that the district court's imposition of a 40-month sentence was reasonable. The district court considered the unusual circumstances of Cummings's offense, noting that she caused both a costly and time-consuming government investigation and the pre-trial detention of her ex-husband. *See* 18 U.S.C. § 3553(a)(1) (court should consider the nature and circumstances of the offense in determining the sentence to be imposed). The court also considered Cummings's tendencies for prevarication. *See id.* (court should consider defendant's characteristics in determining the sentence to be imposed). In light of the facts of this case, we conclude that a sentence of 40 months was not unreasonable. *See United States v. Mohamed,* 459 F.3d 979, 988–89

by 9th Cir. R. 36–3.

(9th Cir.2006) (approving an above-Guidelines sentence where the district court determined that the Guidelines did not reflect the seriousness of the defendant's crime).

The judgment of the district court is **AFFIRMED**.